FILED

JUL 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHLEY M. CLEVENGER, | No. 13-35774 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00553-TOR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted May 27, 2014[**]

Before:     D. NELSON, LEAVY, and THOMAS, Circuit Judges.

Ashley M. Clevenger appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying Clevenger's application for

Disability Insurance Income and Supplemental Security Income under Titles II and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. Clevenger contends that the Administrative Law judge ("ALJ") failed to set forth specific and legitimate reasons for rejecting the opinion of her treating psychologist, Dr. John Arnold. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id*.

A treating physician's opinion is entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). If an ALJ rejects a treating physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

The ALJ properly discounted the opinion of treating psychologist Dr. Arnold because his opinion was inconsistent with Clevenger's activities and the other medical evidence in the record. First, the ALJ properly concluded that Dr. Arnold's opinion was inconsistent with Clevenger's activities, which included

successfully living and working with others. Second, the ALJ properly concluded that Dr. Arnold's opinion conflicted with the opinions of examining psychologist Samantha Chandler, Psy.D. and State reviewing experts Rita Flanagan, Ph.D., and Mary Gentile, Ph.D. In contrast to Dr. Arnold's conclusion that Clevenger had marked limitations in learning new tasks and interacting with others, each of these medical witnesses found that Clevenger could follow simple instructions and interact at least superficially with others in the workplace. Therefore, the ALJ provided specific and legitimate reasons for rejecting Dr. Arnold's opinion. *See Valentine*, 574 F.3d at 692.

**AFFIRMED.**